Saunders v. Halliday.

REVERSED.

## SAUNDERS v. HALLIDAY ET AL.

1. **Practice in the Supreme Court:** TRIAL DE NOVO. In the absence of a motion and order that the case be tried upon written evidence, an express agreement must be shown that it be so tried to entitle the parties to a trial *de novo* on appeal.

*Appeal from Winneshiek District Court.*

WEDNESDAY, APRIL 3.

ACTION in equity to subject certain premises to the payment of a claim held by the plaintiff against the defendant, Halliday. Decree for defendants. Plaintiff appeals.

*Willett, Wellington & Willett,* for appellant.

*Adams & Bulis,* for appellees.

ADAMS, J.—The plaintiff has not assigned errors, and claims that the action is triable *de novo*. The action was tried below
1. PRACTICE in the supreme court: trial de novo. upon written evidence, and the evidence is all before us. There was, however, neither motion nor order in the court below that the action should be tried upon written

evidence. Such being the fact, the action is not, we think, tria-
ble *de novo* in this court. The appellant insists that the action
was tried upon written evidence by agreement, and that it is,
therefore, triable *de novo* under the rule held in *Van Bogart v.
Van Bogart,* 46 Iowa, 359. But the abstract fails to show any-
thing more than the mere fact that it was tried upon written
evidence. We think that an agreement which should be suffi-
cient to supersede the necessity for a motion and order should
be an express agreement. Parties are entitled to know, at
the appearance term, whether the action is to be triable *de
novo* in this court or not, that they may govern themselves
accordingly. If neither motion nor order nor express agree-
ment is made for a trial upon written evidence, either party
has a right to assume that the action will not be triable *de
novo* in this court, whether the evidence is taken at the trial
below in writing or not. This case not being so triable, and
there being no assignment of errors, the judgment of the court
below must be

AFFIRMED.